FILED
2009 May-08  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA**

09 MAY -7  PM 12: 01

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Felix Marenya, Pro se ) | A#: 88-886-335 |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | CV-09-AR-0899-M |
| ) | |
| Eric Holder, ) | |
| ATTORNEY GENERAL; ) | |
| Janet Napolitano, ) | |
| SECRETARY OF THE DEPARTMENT ) | |
| OF HOMELAND SECURITY; ) | |
| Felicia Skinner, ) | |
| ACTING ) | |
| U.S. ICE DISTRICT DIRECTOR ) | |
| FOR THE ATLANTA FIELD OFFICE; ) | |
| Scott Hassell, ) | |
| Warden ) | |
| ETOWAH COUNTY DETENTION ) | |
| CENTER, ) | |
| ) | |
| Respondents. ) | |

**PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28U.S. C § 2241**

Petitioner, **Felix Marenya** hereby petitions this honorable court for a writ of habeas corpus to remedy petitioner's unlawful detention by the respondents. In support of this petition and complaint, petitioner alleges as follows.

**CUSTODY**

1. Petitioner is in the physical custody of respondents and is detained at the Etowah County Detention Center Alabama, I.C.E has contracted with Etowah County detention Center to house immigration detainees such as Petitioner. Petitioner is under the direct control of Respondents and their agents.

1

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"),

Pub. L. No. 104 – 208, 110 Stat. 1570, and the Administration Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl.2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District for the Northern District of Alabama the judicial district in which Petitioner is currently detained.

## PARTIES

6. Petitioner is a native and citizen of Kenya, **Petitioner was first taken into the respondents' custody on 08/06/2008 and has remained in their custody continuously since that date**. Respondent Eric Holder is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and the enforcement of the Immigration & Naturalization Act (INA) As such, Mr. Holder has ultimate custodial authority over petitioner.

7. Respondent Janet Napolitano is the Secretary of the United States Department of Homeland Security, and as such, is the official charged with the responsibility for the administration of all the functions, powers and duties of the United States Department of Homeland Security, including carrying out or staying an order of exclusion, deportation or removal. Respondent Felicia Skinner ICE District Director of the Atlanta Field

Office of ICE and is petitioner's immediate custodian. See Vasquez v.Reno 233 F.3d

688, 690 (1st Cir. 2000),cert. denied, 122 S. Ct. 43(2001).

8. Respondent-defendant Chief Scott Hassell, is sued in his official capacity as the Chief

of Etowah County Detention Center. He is the official in charge of the detention facility

where petitioner is being detained.

## FACTUAL ALLEGATIONS

9. Petitioner, Felix Marenya is a native and citizen of Kenya.

Petitioner has been in ICE custody since 08/06/2008. An Immigration Judge

Ordered petitioner removed on 10/15/2008 at 180 Spring Street, S.W. Suite 241

Atlanta, Georgia 30303. Petitioner was found removable for entering with a B-2

nonimmigrant visa and overstaying past the allowed time. The petitioner did not appeal

the honorable Immigration Judge's Decision.

10. Petitioner entered the United States on or about, 08/08/1990

11. Petitioner was admitted to the United States through New York, NY. Further, the

Supreme Court held, in Zadvydas and Martinez, that the Government's continued

detention of someone, like this Petitioner, under such circumstances is unlawful, and in

violation of the constitution's Due Process Clause of the 5th Amendment. In Zadvydas,

because INS did not have travel documents in hand and there was no certainty as to when

such documents might be issued. See also Lewis v. Immigration & Naturalization

Service.

12. Petitioner has cooperated fully with all efforts by ICE to remove petitioner from the
United States. Specifically, petitioner:

has provided identity documents.

has provided necessary biographical information.

applied for travel documents with his/her embassy or consulate.

complied with all demands of ICE.

13. If released will reside at 113 Windbryne DR, Cary, NC 27513

14.Additionally petitioner has very strong family ties in the state of North Carolina and

would not pose a flight risk. The petitioners' mother, father, brothers, sister, all legal

permanent residents reside in North Carolina. Petitioner also has two children both

United States citizens, who petitioner was one half of their primary care giver and financial provider. Petitioners' children are having extreme difficulties financially, and emotionally

## CLAIMS FOR RELIEF

### COUNT ONE
### STATUTORY VIOLATION

15. Petitioner re-alleges and incorporates by reference paragraphs 1 through 14 above.

16. Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C.§ 1231(a)(6) as interpreted by the Supreme Court in Zadvydas. The six-month presumptively reasonable removal effort has expired. Petitioner still has not been removed, and petitioner continues to languish in detention. Petitioner's removal to Kenya or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in Zadvydas that the INS's continued detention of someone like petitioner under such circumstances is unlawful.

### COUNT TWO

### SUBSTANTIVE DUE PROCESS VIOLATION

17. Petitioner re-alleges and incorporates by reference paragraphs 1 through 16 above.

18. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

19. The Due Process Clause of the Fifth Amendment requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondent's would have an interest in detaining Petitioner in order to effectuate Removal, that interest does not justify the indefinite detention of the petitioner, who is not Significantly likely to be removed in the reasonably forseeable future. Zadvydas recognized that the INS may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which INS may detain an alien is only six-months. Petitioner has already been detained in

4

excess of six-months and the petitioner's removal is not likely to occur in the reasonably foreseeable future.

## COUNT THREE

## PROCEDURAL DUE PROCESS VIOLATION

20. Petitioner re-alleges and incorporates by reference paragraphs 1 through 19 above.

21. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he/she should not be detained. Petitioner in this case has been denied that opportunity. The INS does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure by the Respondent's to provide a neutral decision maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a Writ of Habeas Corpus directing the Respondents to immediately release the Petitioner from custody.

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner.

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C § 504 and 28 U.S.C. § 2412, and any other basis justified under law; and

5) Grant any and further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct.

_____                              _____
(Felix Marenya) Pro se                                        Date executed
Petitioner

(FELIX MARENYA.) A88-886-335

## CERTIFICATE OF SERVICE

I, Felix Marenya, hereby certify that three copies of the foregoing was mailed to the address below on this the _____ day of _____ 2008, by First Class mail with prepaid postage:

I certify under penalty of perjury that the foregoing is correct and true to the best of

My knowledge.

Dated: _____ 2008                         Respectfully Submitted

                                                _____
                                                Felix Marenya, Pro se
                                                 Petitioner,
                                                A#88-886-335

**The Clerk of Court**
**U.S. District Court of Alabama**
**Paul W. Greene U.S. Courthouse**
**1729 5th Avenue, North**
**Birmingham, AL 35203-2040.**